UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★ FILED ★

CV  -  2908

2012 JUN -8 PM 7:40

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

-----------------------------------------------------------------X

JAMAAL HAYNES and SHADAVIA FARLEY,

Plaintiffs,

-against-

CITY OF NEW YORK, ANTHONY EGAN, Individually,
CHRISTOPHER BOWDEN, Individually, "JOHN" CRUZ,
Individually, "JOHN" ANZALONE, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

SUMMONS ISSUED
BRODIE, J.

ORENSTEIN, M.J.

Plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, by their attorneys, Leventhal

& Klein, LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JAMAAL HAYNES is a twenty-nine year old African American man residing in Staten Island, New York.

7.      Plaintiff SHADAVIA FARLEY is a twenty-five year old African American woman residing in Staten Island, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, ANTHONY EGAN, CHRISTOPHER BOWDEN, "JOHN" CRUZ, "JOHN" ANZALONE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On or about June 11, 2009, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY were lawfully present inside of 67 Hill Street, Staten Island, New York.

14.     At approximately 12:00 a.m., the defendant officers stopped plaintiffs and asked them, in sum and substance, what they were doing at the location.

15.     Plaintiffs responded that they were at the location because plaintiff FARLEY's grandmother resides on the second floor of 67 Hill Street, and because they were consoling friends on the first floor who had a death in their family.

16.     As plaintiffs were about to walk away from the defendant officers, defendant EGAN looked at plaintiff HAYNES and stated, in sum and substance: "what are you looking at?"

17.     Plaintiff HAYNES replied in sum and substance: "nothing, what did I do?"

18.     In response, and without reason or justification, defendant EGAN grabbed plaintiff HAYNES, pushed him, struck him numerous times with his fists, and struck him multiple times in the head with a baton or ASP.

19.     Defendant EGAN also struck plaintiff FARLEY on her head with a baton or ASP.

20.     In addition, defendant officers sprayed pepper spray in plaintiff FARLEY'S face and eyes.

21.     As a result of the unprovoked, brutal attack by defendant EGAN, plaintiff HAYNES suffered severe lacerations to his head and was bleeding profusely.

3

22.   Plaintiff HAYNES retreated from the brutal assault of defendant EGAN to safety inside of plaintiff HAYNES' grandmother's apartment on the second floor.

23.   Plaintiff FARLEY sat down in a chair outside of the apartment and attempted to wipe the pepper spray from her eyes and face.

24.   Defendant EGAN then approached the apartment door, drew his firearm and threatened to shoot the door open unless plaintiff HAYNES exited the apartment.

25.   Plaintiff FARLEY verbally warned plaintiff HAYNES that defendant EGAN did in fact have his gun drawn.

26.   In response, defendant EGAN holstered his gun, grabbed plaintiff FARLEY, slammed her against the door, grabbed her hands, twisted her arm and fingers, and handcuffed her.

27.   Plaintiff HAYNES subsequently exited the apartment and the defendant officers handcuffed him.

28.   The defendant officers imprisoned plaintiffs in a police vehicle and then in the 120th Police Precinct before summoning medical assistance for plaintiffs.

29.   Plaintiffs were transported to Richmond University Medical Center where they were treated for their injuries.

30.   Plaintiff HAYNES was diagnosed with a five centimeter laceration to the frontal area of his head and a three centimeter laceration to the posterior area of his head. Plaintiff required more than ten stitches to close the lacerations.

31.   Plaintiff FARLEY was diagnosed with a hematoma on her scalp and a contusion to her ring finger.

32.   Subsequent treatment revealed the plaintiff FARLEY had sustained a fracture

4

through the distal phalanx of the 4th digit of her left hand which required her to wear a splint for approximately six weeks.

33.     After receiving treatment, plaintiffs were transported back to the 120th Police Precinct stationhouse, where they were held until their arraignments later that day on baseless charges filed against them based on the false allegations of defendant EGAN.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

34.     Plaintiff FARLEY was released on June 11, 2009 following her arraignment.

35.     As a result of the defendants' false statements, plaintiff HAYNES was held on bail and remained imprisoned until June 12, 2009 following the posting of his bail.

36.     As a result of the malicious prosecution initiated by the defendants, plaintiffs were compelled to return to court on numerous occasions over a twenty-two month period until on April 1, 2011, when all of the purported charges levied against plaintiffs by the defendants were dismissed and sealed in Richmond County Criminal Court.

37.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

38.     Defendant BOWDEN supervised defendants EGAN and JOHN and JANE DOE 1 through 10 and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiff.

39.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a custom and practice of falsification, and the inadequate screening, hiring, retaining, training, and supervising

5

of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

40.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the legal requirements for stopping, detaining and arresting individuals, and regarding the reasonable use of force against individuals.

41.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

42.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

43.     As a result of the foregoing, JAMAAL HAYNES and SHADAVIA FARLEY, sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

46.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

47.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

48.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

49.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

7

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

53.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

54.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

55.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY'S constitutional rights.

57.     As a result of the aforementioned conduct of defendants, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY were subjected to excessive force, causing pain and suffering, and emotional distress.

58.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

59.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants maliciously issued criminal process against plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, by causing them to be arraigned and prosecuted in Criminal Court.

61.    Defendants caused JAMAAL HAYNES and SHADAVIA FARLEY, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

62.    As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

63.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Defendants initiated, commenced and continued a malicious prosecution against plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY.

65.    Defendants caused plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, to be prosecuted without any probable cause until the charges were dismissed on April 1, 2011.

66.    As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA

9

FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

67.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

69.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY were deprived of their liberty and right to substantive due process, causing emotional distress and physical pain and suffering.

70.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

71.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     The defendants seized, detained, arrested, and imprisoned plaintiffs because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

73.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY were deprived of their rights under the Equal Protection Clause of the United States Constitution.

74.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

75.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants had an affirmative duty to intervene on behalf of plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, whose constitutional rights were being violated in their presence by other officers.

77.     The defendants failed to intervene to prevent the unlawful conduct described herein.

78.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and were subjected to excessive force.

79.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

11

## AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

80.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

82.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

85.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: using excessive force against individuals; arresting individuals without probable cause, and; committing perjury or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals or otherwise cover up abuses of authority and/or excessive force. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining,

12

training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

86. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY.

87. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, as alleged herein.

88. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, as alleged herein.

89. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, were unlawfully arrested and maliciously prosecuted, and were subjected to excessive force.

90. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JAMAAL HAYNES and SHADAVIA

FARLEY'S constitutional rights.

91.     All of the foregoing acts by defendants deprived plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from excessive use of force;

      D.     To be free from the failure to intervene;

      E.     To be free from malicious prosecution;

      F.     To be free from malicious abuse of process; and

      G.     To receive equal protection under law.

92.     As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

93.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

95.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

96.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

97.     Plaintiffs have complied with all conditions precedent to maintain the instant action.

98.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

99.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Defendants initiated, commenced, and continued malicious prosecutions against plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY.

101.    Defendants caused plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY to be prosecuted without probable cause until the charges were dismissed on or about April 1, 2011.

102.    As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    The aforementioned conduct was extreme and outrageous, and exceeded all

15

reasonable bounds of decency.

105. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

106. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

107. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

108. As a result of the aforementioned conduct, plaintiffs suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

109. As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

110. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

112. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

113. As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

114. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs.

116. As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

117. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

119.    As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

120.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

122.    As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

123.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

18

125.    As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

126.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

128.    As a result of the foregoing, plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

19

**WHEREFORE,** plaintiffs JAMAAL HAYNES and SHADAVIA FARLEY, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 8, 2012

                                        LEVENTHAL & KLEIN, LLP
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By:   _____
                                              BRETT H. KLEIN (BK4744)

                                        Attorneys for Plaintiffs JAMAAL HAYNES and
                                        SHADAVIA FARLEY

20